IN THE FIRST COURT OF APPEALS OF TEXAS **COPY** RDW

APPEAL NOS. ~~01-15-645-CV AND 01-15-448~~CV NO 2015-45473 ; 2015-~~22~~666 @ 2015-08974

Prophet Ronald Dwayne Whitfield        2015-19565

~~PROPHET RONALD DWAYNE WHITFIELD~~ §    IN THE DISTRICT COURTS OF

01-15-448-CV RDW §

V.        §

~~CLEAR LAKE NISSAN, SANTANDER USA, BIG STAR HONDA,~~ §    HARRIS COUNTY, TEXAS

FIRST SERVICE CREDIT UNION and §    295TH, 333RD AND

BIG STAR HONDA        §    133rd JUDICIAL DISTRICT

Appellant's Amended Motion To Dismiss Appeal for Want of Jurisdiction

Add Motions To Strike ~~DEFENDANT, FIRST SERVICE CREDIT UNION'S~~

And For Sanctions ~~ORIGINAL ANSWER & ORIGINAL COUNTERCLAIM~~ With Supporting Affidavit

To The Honorable Justices of Said Court of Appeals.

TO THE HONORABLE JUDGE OF SAID COURT:

In "Pro Per," not "Pro Se."] DISCUSSION

COMES NOW, ~~FIRST SERVICE CREDIT UNION, Defendant,~~ hereinafter referred to as

"Plaintiff," hereinafter Called Prophet/Plaintiff

~~"FSCU",~~ who files this its Original Answer & ~~Original Counterclaim in the above-styled cause,~~

motions to strike and for Sanctions,

showing unto the Court the following:

<u>**Original Answer**</u>

Plaintiff

1.   As an affirmative defense, ~~FSCU~~ pleads material breach and anticipatory repudiation

by ~~Plaintiff.~~ defendant.

FILED IN
1ST COURT OF APPEALS
HOUSTON, TEXAS
SEP 14 2015
CHRISTOPHER A. PRINE
CLERK_____

Plaintiff

2.   As an affirmative defense, ~~FSCU~~ pleads failure of consideration.

Plaintiff

3.   As an affirmative defense, ~~FSCU~~ pleads waiver.

Plaintiff

4.   As an affirmative defense, ~~FSCU~~ pleads estoppel.

Plaintiff

5.   As an affirmative defense, ~~FSCU~~ pleads statute of frauds.

Plaintiff        defendant

6.   As an affirmative defense, ~~FSCU~~ pleads equity, as ~~Plaintiff~~ does not come into this

court with clean hands( sic). Plaintiff        NO OTHER

7.   As a sworn denial, ~~FSCU~~ pleads ~~that~~ there is ~~at least one~~ other suit pending in this

State between Plaintiff and Co-Defendant, BIG STAR HONDA, involving the same automobile

purchase transaction(s) and claims, which claims are intertwined with the automobile purchase

1

transaction complained of in this cause by Plaintiff against FSCU. The sworn Verification of ~~FSCU~~ Plaintiff undersigned ~~counsel~~, is attached, per TRCP 93(3).

8. ~~FSCU~~ Plaintiff pleads that this lawsuit should be transferred to the 295th Judicial District Court of Harris County, Texas, as required by Local Rule 3.2.2 of the Rules of the Civil Trial Division, Harris County, Texas District Courts, as Plaintiff has previously filed and related lawsuits in said court, under Case Nos. 2015-08974 and 2015-19565.

9. Regarding ~~Plaintiff's~~ Defendant's request for exemplary damages, ~~FSCU~~ Plaintiff pleads and invokes the standards and limitations for same set forth in Section 41.001 et seq., Texas Civil Practice & Remedies Code, and the Excessive Fines Clause of the United States Constitution, 8th Amendment.

10. ~~FSCU~~ Plaintiff generally denies each and every, all and singular, of the allegations made by Plaintiff, as to both liability and damages, and demands that Plaintiff prove his claims by a preponderance of the evidence, and DEMANDS STRICT PROOF, TEX. R. CIV. PRO. 92.

### Original Counterclaim

11. Defendant/Counter-Plaintiff, FIRST SERVICE CREDIT UNION, is a duly chartered credit union doing business in Harris County, Texas. Discovery shall proceed under Level 2, Rule 190, Texas Rules of Civil Procedure. FSCU's Counterclaim seeks only monetary relief of $100,000.00 or less, including damages of any kind, penalties, costs, pre-judgment interest and attorney's fees.

12. Plaintiff/Counter-Defendant, PROPHET RONALD DWAYNE WHITFIELD, is an individual residing in Harris County, Texas who is being served with this Original Counterclaim by certified mail, return receipt requested at his residence, 7522 Lasalette, Houston, Texas 77021. His date of birth is 05/24/1966, the last three digits of his social security number are 443, and the last three digits of his Texas driver's license number are 327.

2

13. For cause of action, PROPHET RONALD DWAYNE WHITFIELD signed and entered into a Consumer Lending Plan Agreement with FSCU, on or about December 30, 2014, secured by a 2008 Mazda CX7 automobile, V.I.N. JM3ER293080215014. FSCU is the owner and holder of said contract and is entitled to collect all monies due thereon. Plaintiff was loaned the principal amount of $7,613.31, which was to have been repaid in 36 monthly installments, beginning March 1, 2015 and ending February 1, 2018, bearing annual interest rate of 13.00%. FSCU retained a perfected security interest in the 2008 Mazda CX7 automobile, V.I.N. JM3ER293080215014 by listing itself as lienholder on the Texas Certificate of Title.

14. PROPHET RONALD DWAYNE WHITFIELD defaulted on the Consumer Lending Plan Agreement by failing to make all monthly payments as they became due for the months of June, 2015 forward, and by abandoning possession of the vehicle and leaving same with a third party for the months of February, 2015 through August, 2015. FSCU deemed the prospect of future payment or performance as impaired, and believed its collateral was in jeopardy of being seized, levied against or attached, or that its security interest had become impaired; hence, FSCU accelerated the balance owed on said contract and gave written notice of acceleration to Plaintiff WHITFIELD on August 6, 2015and repossessed its collateral from the possession of a third party contemporaneously therewith.

15. FSCU further gave written notice to Plaintiff WHITFIELD that a private sale would take place if the automobile was not first redeemed by Plaintiff WHITFIELD, and caused the automobile to be sold at a private sale, in a commercially reasonable manner on or about August 20, 2015, realizing gross resale proceeds of $3,000.00, leaving a deficiency balance. As of August 24, 2015, Plaintiff WHITFIELD owed FSCU, and still owes, a deficiency balance of $4,303.27, after which date contractual pre-judgment interest of 13.00% per annum will accrue until the date of Judgment. All just and lawful offsets and credits owed to Plaintiff

3

WHITFIELD have been allowed.

16. Plaintiff WHITFIELD'S breach of contract has required FSCU to retain the undersigned attorney to prosecute its Counterclaim. FSCU seeks to recover its reasonable and necessary attorney's fees to be determined on an hourly basis, per Sections 38.001 and 38.002, Texas Civil Practice & Remedies Code, and its Consumer Lending Plan Agreement .

## Prayer for Relief

17. WHEREFORE, Defendant/Counter-Plaintiff, FIRST SERVICE CREDIT UNION, prays that upon final adjudication, PROPHET RONALD DWAYNE WHITFIELD take nothing from FIRST SERVICE CREDIT UNION, that it be granted a Judgment against Plaintiff/Counter-Defendant, PROPHET RONALD DWAYNE WHITFIELD, for at least $4,303.27 in actual damages, foreclosure of its security interest in the 2008 Mazda CX7 automobile, V.I.N. JM3ER293080215014, plus reasonable and necessary attorney's fees to be determined on an hourly basis, all Court costs, pre-judgment interest at 13.00% per annum, post-judgment interest at no less than 5.00% per annum from the date of the Judgment until Judgment is paid in full, and that the Court grant FSCU such other and further relief, both general and special, at law or in equity, to which FSCU may show itself justly entitled.

Respectfully submitted,

By: /s/ Chris Cammack
Christopher M. Cammack
State Bar No. 03682100
10900 Northwest Freeway, Suite 108
Houston, Texas 77092
Ph. 713-960-1921/Fax 713-960-1922
E-mail: cmcammack@pdq.net

ATTORNEY FOR DEFENDANT,
FIRST SERVICE CREDIT UNION

4

**VERIFICATION**

STATE OF TEXAS              §
                                 §

COUNTY OF HARRIS       §

BEFORE ME, the undersigned authority, of this date personally appeared Christopher M. Cammack, a person known to me, who upon being sworn under oath, stated that he is over 18 years of age, of sound mind, that he has read the foregoing Defendant FSCU's Original Answer, and that the averments of fact contained therein are true and correct within his personal knowledge, and that he makes this Verification under authority of TRCP 14 and 93.

*Executed Per Tex.C.v. Prac. & Rem. Code §§ 132.001, et seq.*

_____
Christopher M. Cammack

SUBSCRIBED AND SWORN TO BEFORE ME, the undersigned Notary Public, on this 8th day of September, 2015.

[Notary Seal: JOY A. MICELI — MY COMMISSION EXPIRES JULY 31, 2018]

_____
Notary Public – State of Texas

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing pleading has been has been served by certified mail, return receipt requested upon Plaintiff, PROPHET RONALD DWAYNE WHITFIELD, 7522 Lasalette, Houston, Texas 77021 and has been served by e-mail upon counsel for Big Star Honda, Daniel C. Pappas, at dcp@danielcpappaspc.com on Sept. 8, 2015.

                                          __/s/ Chris Cammack_____
                                          Christopher M. Cammack

5

In addition to my original Answer set forth above, Plaintiff/Prophet move the Court to render an order striking Defendant's Counsel's Answer in its entirety for the following reasons.

1. Counsel, in the guise of Defendant, has purported to counter-sue not "Prophet Ronald Dwayne Whitfield, who is a citizen of the United States of America and of the State of Texas and a living person of "flesh and blood," but some corporation whose does business as a "PROPHET RONALD DWAYNE WHITFIELD." AS such, Plaintiff Prophet Ronald Dwayne Whitfield has not been legally Sued by defendant First Service Credit Union and thus He move the Answer filed herein be Striken from the record.

2. AS proven by the record, Defendant First Service Credit union, a corporation, did not execute the attached verification/ Affidavit, which attests to 'facts."

6

Instead, Defendant's Counsel of record executed same. It is well-settled law that counsel may not legally testify to facts issue. Nor has he standing to counter-sue Plaintiff, for counsel cannot show an injury in fact. Counsel may not execute an affidavit as to factual matters, just legal. A Court and her judge may not consider allegations of fact presented by counsel for which he has no standing and personal knowledge to attest.

7

# NOTICE & REQUEST

FOR DISCOVERY/PRODUCTION

Notice to Counsel filing Answer, Please be advised that I have obtained, the copy the actual check sent to my other credit union and First Service Credit Union Commited yet another fraud upon me — the actual check sent and received was different than the fraud amount stated to the Credit union would be found. The amount was $133.00 some dollars in in all, and not the lesser amount stated in the original petition for some $43.00. Thus, I will be

8

an amended petition to demonstrate the second fraud after the first, index by record.

You were put on notice! my car has "sentimental value" of millions of dollars, but your Answer, appears to States the car was sold. Good.

You also appear - unless I be misreading - that notice was sent. Not before I filed this action via mail. And the only notice I received before filing was

9

no notice at all because the insured had already occurred.

PRODUCTION

Please produce all video of the FSCU on Binsonnett Street of my girlfriend and, I seated at a table where she applied for personal loan and SIGNED NOTHING AND WAS GIVEN NOTHING TO READ — on september 11, 2015, per TRCP., within 30 days of this your receipt.

EXECUTED Per Tex. Civ. Prac. & Rem. Code §§ 132.001, et Seg.

DATED:
09-14-2015.
A.O.

/s/ Prophet Ronald
Dorayne Whitfield

W

JUSTICES!

Because Defendants did not sue nor even purport to sue or counter sue me unlike you see ~~see~~ ~~attempted~~ above by FSCW, this court and the trial courts below lacked and still lack subject-matter jurisdiction here. Move for dismissal

## AFFIDAVIT

Signed pursuant to perjury

/S/ Prophet Ronald Dwayne Whitfield

# NOTICE OF HEARING, ~~COA~~

# CERTIFICATES OF CONFERENCE

# AND SERVICE

I, the undersigned, will bring this motion for Sanctions later. ~~Girlfriend being~~ ~~motion.~~

I, the undersigned, serviced defendant's counsel according to law.

/s/ Prophet